1  QIANWU YANG  (Cal. Bar No. 336610)
   yang@shm.law
2  AOYU YANG (Cal. Bar No. 360674)
   yang.aoyu@shm.law
3  **SHM LAW FIRM**
   3000 El Camino Real
4  Building 4, Suite 200
   Palo Alto, CA 94306
5  Telephone: (650) 613-9737
   Telephone: +8613925212009
6
   *Attorneys for Plaintiff*
7  Shenzhen Zhichuyi Technology Co., Ltd.

8

9                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

10 | Shenzhen Zhichuyi Technology Co., Ltd., | CASE NO. 5:25−cv−09026 |
11 | | **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** |
12 | Plaintiff, | |
   | v. | |
13 | | DEMAND FOR JURY TRIAL |
14 | Hyper Ice, Inc. and DataFeel Inc., | |
15 | Defendants. | |

16

17

18

19

20

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

Plaintiff Shenzhen Zhichuyi Technology Co., Ltd. ("Cakoutanb" or "Plaintiff") hereby files its Complaint against Defendants Hyper Ice, Inc. ("Hyperice") and DataFeel Inc. ("DataFeel") (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Act, 35 U.S.C. § 1 *et seq*. Cakoutanb seeks declaratory judgments that U.S. Patent No. 11,931,174 (the "'174 Patent") is not infringed by Cakoutanb's Smart Cupping Therapy Massager products ("Non-Infringing Products"). True and correct copy of the '174 Patent is attached hereto as Exhibit 1.

2.      Cakoutanb brings this action in view of the actual controversy created by Hyperice under the '174 Patent.

3.      Upon information and belief, DataFeel owns the '174 Patent and has granted Hyperice an exclusive license to practice, sublicense, and enforce the '174 Patent.

4.      Upon information and belief, Hyperice submitted baseless patent infringement complaints to Amazon in bad faith and through egregious misuse of Amazon's enforcement procedures, resulting in the removal of Cakoutanb's listings for its Non-Infringing Products from Amazon.com.

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

## THE PARTIES

5.    Plaintiff Shenzhen Zhichuyi Technology Co., Ltd. is a Chinese company, with a principal place of business at 14E, Yadiange, Dongfanghaiyaju, No.15 Nanguang Road, Dengliang Community, Nanshan Street, Nanshan District, Shenzhen, China. Plaintiff sells Smart Cupping Therapy Massagers on Amazon.com under the storefront "Cakoutanb."

6.    Upon information and belief, Defendant DataFeel Inc. is a Nebraska corporation with a principal place of business at 1039 South 21st Street, Unit #1, Omaha, NE 68108.

7.    Upon information and belief, Defendant Hyper Ice, Inc. is a corporation organized under California law with its principal place of business at 525 Technology Drive, Suite 100, Irvine, CA 92618.

## JURISDICTION AND VENUE

8.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.* and the United States Patent Act, 35 U.S.C. § 1, *et seq.*. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have subject matter jurisdiction over this action if Hyperice initiated suit for patent infringement.

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

9.    The Court has personal jurisdiction over Hyperice because, based on information and belief , Hyperice is domiciled in California and within this judicial district.

10.    The Court has personal jurisdiction over DataFeel because, upon information and belief, DataFeel's exclusive patent license agreement with Hyperice establishes that DataFeel purposefully directed activities at residents of California by granting a California corporation the exclusive rights to enforce and defend the '174 Patent.

11.    Upon information and belief, this exclusive license agreement imposes both rights and obligations upon Hyperice, a California corporation residing in this judicial district, to enforce and defend the '174 Patent.

12.    Exercising jurisdiction over DataFeel would be reasonable and fair because, on information and belief, the exclusive license agreement allows Hyperice, a California corporation residing in this district, in effect to assume all of DataFeel's enforcement rights to the '174 Patent, which is the subject of this lawsuit.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

14.    Hyperice's enforcement actions, including its complaints to Amazon, directly caused harm to Plaintiff's business operations in this District by removing

COMPLAINT

4

1 their product listings and obstructing their sales. Plaintiff conducts business in this

2 District, and its products are sold nationwide, including in California. Defendants'

3 actions have substantially interfered with Plaintiff's ability to conduct business

4 within this District, making venue proper.

5 **FACTUAL BACKGROUND**

6 A.    **The Non-Infringing Products**

7    15.    The models of the Smart Cupping Therapy Massagers sold by

8 Cakoutanb at issue are DS-A23-1 Pack and DS-A23-2 Pack. These products are

9 identified by Amazon Standard Identification Numbers ("ASINs"), including but not

10 limited to B0FJ668GFY and B0FLQQDQH1.

11    16.    On or around October 7, 2025, Amazon notified Cakoutanb that

12 Hyperice was asserting an infringement complaint under the '174 Patent against

13 various Smart Cupping Therapy Massagers that Cakoutanb was selling.

14    17.    The Amazon marketplace constitutes Cakoutanb's sole sales channel

15 into the United States. To remain competitive in the United States market for Smart

16 Cupping Therapy Massagers, Cakoutanb needs those Non-Infringing Products listed

17 in the Amazon marketplace.

18    18.    As a direct result of Hyperice's infringement complaint to Amazon,

19 Cakoutanb's Non-Infringing Products were removed from the marketplace,

20 effectively cutting off its sole channel of trade. Hyperice's baseless complaint has

COMPLAINT                                       5

1  been causing Cakoutanb immediate, irreparable, and substantial harm.

2      19.      Upon information and belief, Hyperice did not obtain samples of

3  Cakoutanb's Non-Infringing Products prior to filing its complaint with Amazon

4  alleging Cakoutanb's infringement.

5  **B.        The Patent-In-Suit**

6      20.      The '174 Patent lists DataFeel as the applicant and assignee. *See*

7  Exhibit 1, the '174 Patent, cover page.

8      21.      The application for the '174 Patent was filed on November 9, 2023.

9  On March 19, 2024, the USPTO issued the '174 Patent, titled "Communication

10  Devices, Methods, and Systems."

11      22.      Claims 1, 11 and 18 are the only independent claims of the '174

12  Patent.

13      23.      Claim 1 requires:

14          A treatment device, comprising:

15          a body containing a processing unit;

16          a plurality of generator elements disposed within the body and being

17          independently operable to output different energy types; and

18          a housing removably securable to the body, the housing having a

19          proximal end, a distal end, and a circumferential wall surrounding the

20          plurality of generator elements when the housing is secured to the

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1    body, the distal end of the bousing being positionable on skin about

2    an area of the skin,

3    wherein the housing includes an insulating material for permitting

4    flows of the different energy types toward the area of skin and

5    limiting flows of the different energy types outside the housing.

6    *See* Exhibit 1 at 40:43-58.

7    24.    The words "massage" and "massager" do not appear anywhere in

8    the '174 Patent.

9    ## COUNT I

10    ## Declaratory Judgment of Non-Infringement of U.S. Patent No. 11,931,174

11    25.    Cakoutanb repeats and realleges each of the preceding paragraphs as if

12    fully set forth herein and incorporate them by reference.

13    26.    Cakoutanb has not infringed and does not infringe any valid and

14    enforceable claim of the '174 Patent whether directly, contributorily, or by

15    inducement, literally or under the doctrine of equivalents, including through the

16    making, use, importation into the United States, sale, and/or offer for sale of

17    Cakoutanb's Non-Infringing Products.

18    27. Cakoutanb's Non-Infringing Products lack the limitation of "a plurality of

19    generator elements disposed within the body," which is a common limitation for all

20

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

three independent claims of the'174 Patent. Below is an exemplary non-infringement claim chart.

28.    The Non-Infringing Products do not infringe the '174 Patent because at least, the Non-Infringing Products are cupping therapy massagers rather than a treatment device.

29.    The Non-Infringing Products do not infringe the '174 Patent because at least, the heat element of the Non-Infringing Products isn't "disposed within the body." It is located under the body. Accordingly, only one generator element (the generator element for suction), rather than a "plurality" of generator elements, is disposed within the body.

30.    The Non-Infringing Products do not infringe the '174 Patent because at least, the circumferential wall of the housing does not "surround the plurality of generator elements when the housing is secured to the body."

| | |
|---|---|
|  | The Non-Infringing Product is a cupping therapy massager rather than a treatment device. |

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

| | |
|---|---|
|  | The generator element for heat of the Non-Infringing Product isn't disposed within the body. It is located under the body.<br><br>Accordingly, only one generator element (the generator element for suction), rather than a "plurality" of generator elements, is disposed within the body. |
|  | When the housing of the Non-Infringing Product is secured to the body, the circumferential wall of the housing does not surround the plurality of generator elements as required by the Claim 1 of the '174 Patent. Instead, it's located under the body and the generator element for suction. It only circulates the generator element for heat. |

31.    An actual and justiciable case or controversy therefore exists between Cakoutanb and Defendants regarding whether the Non-Infringing Products have

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

1   infringed the claims of the '174 Patent. Declaratory relief is thus appropriate and

2   necessary to establish that the making, using, importation, sale, or offer for sale of

3   the Non-Infringing Products does not infringe, directly or indirectly, literally or

4   under the doctrine of equivalents, any valid and enforceable claim of the '174 Patent.

5   Cakoutanb is entitled to a judgment declaring that they have not infringed and will

6   not infringe any claim of the '174 Patent.

7   **PRAYER FOR RELIEF**

8   WHEREFORE, Cakoutanb prays for the following relief:

9   A.    A judgment declaring that the manufacture, use, offer for sale, sale,

10  and/or importation of Cakoutanb's Non-Infringing Products have not infringed and

11  will not infringe, directly or indirectly, literally or under the doctrine of equivalents,

12  any valid claim of the '174 Patent;

13  B.    A permanent injunction enjoining Defendants from asserting the '174

14  Patent against Cakoutanb's Non-Infringing Products;

15  C.    An award of reasonable attorneys' fees, to the extent authorized by law;

16  D.    An award of Cakoutanb's costs in this action;

17  E.    All such other and further relief as the Court may deem just and proper.

18

19  **DEMAND FOR JURY TRIAL**

20  Pursuant to Federal Rules of Civil Procedure 38(b), Cakoutanb demands a

COMPLAINT                                      10

1 | trial by jury on all claims and issues so triable.

2

3 | DATED: October 21, 2025          Respectfully submitted,

4

5 | **SHM LAW FIRM**

6 | By:    */s/Qianwu Yang*
    QIANWU YANG  (Cal. Bar No. 336610)
    yang@shm.law

7 | AOYU YANG (Cal. Bar No. 360674)
    yang.aoyu@shm.law

8 | 3000 El Camino Real
    Building 4, Suite 200

9 | Palo Alto, CA 94306
    Telephone: (650) 613-9737

10 | Telephone: +8613925212009

11 | *Attorneys for Plaintiff*
    Shenzhen Zhichuyi Technology Co., Ltd.

12

13

14

15

16

17

18

19

20

1

2

**CERTIFICATE OF SERVICE**

3

I hereby certify that on this day I electronically filed the foregoing with the

4

Clerk of Court using the CM/ECF system, which will send notification of such filing

5

to all attorneys of record.

6

Dated: October 21, 2025                    /s/Aoyu Yang
                                                  Aoyu Yang

7

8

9

10

11

12

13

14

15

16

17

18

19

20

**SHM LAW FIRM**
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737